IRENE SCHWARTZ ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF HAMDEN
(13223)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued April 13—decision released July 5, 1988

*Harriette K. Dorsen,* pro hac vice, with whom were
*John Siegal,* pro hac vice, *Peter M. Sipples* and, on the
brief, *Susan L. Jacobs,* for the appellants (plaintiffs).

*Hugh I. Manke,* town attorney, with whom, on the brief, was *Edan F. Calabrese,* for the appellee (defendant).

*Theodore M. Space* and *J. Russell VerSteeg* of the Connecticut bar, and *Marcia D. Seeler* and *Wayne S. Henderson,* of the Massachusetts bar, filed a brief for the Wadsworth Atheneum as amicus curiae.

*Martin Margulies* and *Philip D. Tegeler* filed a brief for the Connecticut Civil Liberties Union Foundation as amicus curiae.

CALLAHAN, J. The plaintiffs, Irene Schwartz, David W. Bermant, Robert L. Bermant as trustee, Lois Zenkel and Richard J. Schwartz, as tenants in common doing business as Hamden Plaza, have filed the instant appeal from a judgment of the Superior Court dismissing their appeal from a decision of the planning and zoning commission of the town of Hamden (commission), wherein their application for a site plan approval was denied. The trial court found that a thirty-two foot high, brushed aluminum cylindrical structure entitled "Landmark" was a sign within the meaning of article II, § 210, of the Hamden zoning regulations, and as such, did not conform to the applicable regulations concerning signs. Consequently, the trial court held that the commission did not act illegally, arbitrarily or in abuse of its discretion in so finding and dismissed the plaintiffs' appeal. We find error.

The relevant facts are not in dispute. In August, 1985, National Shopping Centers, Inc. (NSC), filed an application for a site plan approval to erect a thirty-two foot high cylindrical structure with wind activated moving parts made of brushed aluminum entitled "Landmark" at the entrance to the Hamden Plaza shopping area located on Dixwell Avenue in Hamden. The commission held a public hearing on NSC's application and thereafter denied it. NSC appealed the com-

mission's decision to the Superior Court claiming that its application to erect "Landmark" fully complied with the Hamden zoning regulations. On March 18, 1986, the trial court, *Foti, J.,* remanded the matter to the commission for a rehearing because the initial public hearing was not transcribed or recorded.[1]

The rehearing was held on June 3, 1986, and the commission again denied the application on the following basis: "(1) the structure's purpose is to attract attention, therefore it is indeed a sign according to the regulations [and] (2) as a sign, it does not meet the requirements of the regulations, including Article 754, parts A and F." NSC again appealed to the Superior Court claiming that the commission had acted illegally, arbitrarily and in abuse of its discretion when it concluded that "Landmark" was a sign and that, as such, it failed to comply with the Hamden zoning regulations. In addition, NSC claimed that by denying its application, the commission had violated its constitutional rights to due process as guaranteed by the fifth and fourteenth amendments to the United States constitution and article first, § 11, of the Connecticut constitution,[2] and to free expression as guaranteed by the first amendment to the United States constitution and article first, § 4, of the Connecticut constitution.

Prior to the appeal being heard, plaintiff's counsel filed a "Motion for Joinder and to Amend Name of Party Plaintiff." He argued that through mistake and

[1] Apparently, the commission never records the public hearings on applications for site plan approvals. The plaintiffs make no claim with regard to the propriety of the absence of a recording or transcription of the initial hearing in this appeal.

[2] The gravamen of the plaintiffs' due process claim is that the commission's denial of their application for a site plan approval prohibits the "plaintiffs from using [their] property so as to be confiscatory without due process of law and payment of just compensation." It must be noted that the plaintiffs have not pursued this claim on appeal to this court. It was not briefed or presented at oral argument.

inadvertence, NSC was improperly named as owner of the shopping center property. Therefore, he sought to amend the appeal to designate the true owners as the plaintiffs in the appeal. The motion was granted by the trial court on March 2, 1987, and the plaintiffs filed a revised appeal, which is the subject matter of the instant appeal.[3]

The trial court dismissed the plaintiffs' revised appeal, holding that "Landmark" was a sign which failed to comply with the Hamden zoning regulations governing signs. In addition, the court held that the constitutional issues raised by the plaintiffs amounted to a per se attack on the ordinance itself, which is more properly raised not in an appeal, but rather in an independent proceeding. The plaintiffs' petition for certification to the Appellate Court was granted, and thereafter the appeal was transferred to this court, pursuant to Practice Book § 4023.

The pivotal issue in this appeal is whether "Landmark" is a sign within the meaning of article II, § 210, of the Hamden zoning regulations, and therefore subject to the provisions governing signs under article VII, § 750 et seq. thereof. If we answer the question in the affirmative as did the commission and the trial court, the plaintiffs then claim that the application of the Hamden zoning regulations to a work of art such as "Land-

---

[3] In its brief to this court, the commission argues that the trial court and this court lack subject matter jurisdiction over the appeal because NSC failed to establish aggrievement since it is not the true owner of the shopping area property. While NSC is not the owner of the shopping area, the commission fails to mention that NSC is not the named plaintiff in this appeal. Before the commission filed a motion to dismiss the appeal in the trial court, the plaintiffs had already moved to amend the appeal to substitute the names of the shopping area owners for NSC as the plaintiffs. The trial court granted the plaintiffs' motion to amend. Therefore, we find the defendant's argument to be meritless. It should also be noted that the commission has not challenged the trial court's granting of the plaintiffs' motion to amend the appeal.

mark" violates the plaintiffs' constitutional right to freedom of expression under the first amendment to the United States constitution and article first, § 4, of the Connecticut constitution.[4]

Prior to addressing the substantive merits of the appeal, we must first address the jurisdictional issue posited by the defendant's motion to dismiss filed in this court on April 8, 1988. The commission moves to dismiss the appeal based upon this court's decision in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*), as affirmed by *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*). Specifically, the commission argues that "[t]he town clerk was not served with the appeal or the revised appeal in this matter; the clerk was merely given notice of the suit by the sheriff 'leaving with and in the hands of' the clerk the appeal and citation. In this way the sheriff attempted to serve the Planning and Zoning Commission of the Town of Hamden by using the town clerk as the Commission's agent for service of process . . . . By *Simko* standards this service was legally insufficient." We disagree.

The instant appeal is factually distinguishable from *Simko I* and *Simko II*. In this case the appeal citation specifically directed the sheriff to serve, with true and attested copies of the complaint and the appeal citation, both the chairman or clerk of the planning and zoning commission of the town of Hamden *and* the clerk of the town of Hamden. In addition, it is undisputed that, in fact, the sheriff, pursuant to the direction and authority contained within the citation, properly and timely served both the chairman of the commission *and* the clerk of the town of Hamden. Although the citation did not direct the sheriff to sum-

---

[4] In view of our holding herein, we need not reach the constitutional issues raised by both parties.

mon the town clerk of Hamden as a party for all purposes, it does comply with the purpose of the 1985 amendment to General Statutes § 8-8 (b), as interpreted in *Simko II,* supra, 383, which was "to ensure that the municipality will receive adequate notice [of the appeal] and have sufficient opportunity to be heard and protect the interests of the public where necessary." In addition, as we stated in *Simko II,* supra, 382, "the clerk of the municipality is a statutorily mandated, necessary party to the proper *institution* of an appeal and must properly be served with true and attested copies of the appeal." (Emphasis added.) Here, the service by the sheriff, who was acting pursuant to the lawfully issued citation, was legally sufficient.[5] Accordingly, the commission's motion to dismiss is denied.

Turning to the substantive merits of the appeal, the plaintiffs first argue that the commission, as well as the trial court, erred in determining that "Landmark" was a "sign" within the meaning of article II, § 210, of the Hamden zoning regulations. Specifically, the plaintiffs argue that "Landmark" is a sculpture, a work of art, which does not "attract attention to any use, product, service or activity" at the Hamden Plaza shop-

---

[5] We acknowledge that effective April 20, 1988, the legislature enacted Public Acts 1988, No. 88-79, which amended General Statutes §§ 8-8 (b) and 8-28 (a) specifically in response to this court's rulings in *Simko I* and *Simko II.* While No. 88-79 of the 1988 Public Acts continues to require that the chairman or clerk of the zoning board *and* the clerk of the municipality both be served with true and attested copies of the appeal, it further provides that "service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal to said board and shall not thereby make such clerk a necessary party to such appeal." Section 3 of No. 88-79 validates any zoning appeal "taken on or after October 1, 1985 and prior to December 1, 1987 in which a final judgment has not been entered prior to the effective date of this act, otherwise valid except that the party taking such appeal failed to name the clerk of the municipality as a party to the appeal in the appeal citation . . . . " In light of our holding above, we need not address the applicability of Public Acts 1988, No. 88-79.

ping area. To the contrary, the commission argues that the obvious purpose of "Landmark" is to attract attention to the Hamden Plaza shopping area and away from other shopping centers in the area. Therefore, the commission claims that "Landmark" is clearly a sign within the meaning of the regulation. We agree with the plaintiffs.

Generally, it is the function of a zoning board or commission to decide "within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court had to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 116, 117, 186 A.2d 377 [1962]; *Stern* v. *Board of Zoning Appeals,* 140 Conn. 241, 244, 99 A.2d 130 [1953]. In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals,* 150 Conn. 439, 442, 190 A.2d 594 [1963]." *Toffolon* v. *Zoning Board of Appeals,* 155 Conn. 558, 560–61, 236 A.2d 96 (1967); see also *Thorne* v. *Zoning Board of Appeals,* 156 Conn. 619, 620, 238 A.2d 400 (1968). On appeal, a reviewing court reviews the record of the administrative proceedings to determine whether the commission or the board " 'has acted fairly or with proper motives or upon valid reasons.' " *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 707, 535 A.2d 799 (1988); *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 654, 427 A.2d 1346 (1980). Upon a careful review of the record before this court, we find that the commission erred in construing article II, § 210, and that it therefore acted without valid reasons.

We begin by noting that zoning regulations and ordinances, being in derogation of common law, must be strictly construed and not extended by implication. *Melody* v. *Zoning Board of Appeals,* 158 Conn. 516, 521, 264 A.2d 572 (1969); *Planning & Zoning Commission* v. *Craft,* 12 Conn. App. 90, 96, 529 A.2d 1328, cert. denied, 205 Conn. 804, 531 A.2d 937 (1987). These regulations must be interpreted in accordance with the ordinary rule of statutory construction that, where the language of the statute is clear and unambiguous, courts cannot by construction read into the statutes provisions which are not clearly stated. *Harlow* v. *Planning & Zoning Commission,* 194 Conn. 187, 193, 479 A.2d 808 (1984). In addition, words employed in zoning ordinances are to be interpreted in accord with their natural and usual meaning. *Lawrence* v. *Zoning Board of Appeals,* 158 Conn. 509, 511, 264 A.2d 552 (1969).

Article II, § 210, of the Hamden zoning regulations defines a sign to include "[a]ny object, device, display or structure which is used for attracting attention to any use, product, service, or activity, but not including any flag or insignia of any government or governmental agency, or of any fraternal, civic, charitable, or religious organization." The commission argues that the placement of "Landmark" at the entrance to the shopping area automatically transforms this work of art[6] into a sign because it can be seen by passersby and thus it attracts attention. We disagree.

---

[6] The commission does not actively dispute the fact that "Landmark" is a sculpture and a work of art. Its creator, Harold Lehr, has a graduate degree in sculpture from the Rhode Island School of Design and has earned national recognition for his sculptures. His works have been on exhibition at such places as the Institute of Contemporary Art in Boston, Massachusetts, the Portnoy Gallery in New York, New York, the Indianapolis Museum of Art in Indianapolis, Indiana, the Electric Gallery in Toronto, Canada, the South Street Seaport Museum in New York, New York, the Memorial Art Gallery in Rochester, New York, the Huntsville Museum of

Initially, we see nothing within the definition of a "sign" in the zoning regulations to indicate that the determination of whether an object is or is not a sign depends upon its placement. Further, while "Landmark" is a unique sculpture[7] that will no doubt attract attention to itself, it nevertheless does not attract attention to any "use, product, service, or activity" as required by § 210. As previously mentioned, "Landmark" is a thirty-two foot tall vertical sculpture made of brushed aluminum. Attached to its central support system are a series of cylindrical circular drums that spin or rotate in response to wind currents. "Landmark" contains no lettering, markings, insignia or other distinguishing features that would direct one's attention to Hamden Plaza as a shopping area, or to any specific use, service or activity being conducted there or to any particular products sold at the Hamden Plaza. Under these circumstances, we find that "Landmark" does not fit within the meaning of a "sign" as it is defined by the Hamden zoning regulations.

Further, we find that the expansive construction of the term "sign," as urged by the commission to include structures or objects that are clearly sculpture or works of art, is unsupported by the express language of either article II, § 210, of the zoning regulations or the zoning enabling act. General Statutes § 8-2. Section 210 specifically exempts from the purview of the definition

Art in Huntsville, Alabama, the Merriewold West Gallery of Modern Art in Fairhills, New Jersey, and the Center of Art and Communications in Buenos Aires, Argentina. In addition, Lehr has been commissioned to create and erect numerous other wind activated sculptures in a number of states and has been the recipient of a number of artistic grants and awards. Further, "Landmark" was originally on exhibit at the Wadsworth Atheneum in Hartford.

[7] Webster's Ninth New Collegiate Dictionary defines sculpture as "the action or art of processing (as by carving, modeling, or welding) plastic or hard materials into works of art . . . ."

of a "sign" various forms of *noncommercial* speech including "any flag or insignia of any government or governmental agency, or of any fraternal, civic, charitable, or religious organization." In addition, General Statutes § 8-2 bestows upon a local zoning commission only the authority to promulgate regulations with regard to, inter alia, "the height, size and location of *advertising signs* and billboards." (Emphasis added.) The most relevant definitions of "advertise" in Webster's Ninth New Collegiate Dictionary are "to announce publicly esp[ecially] by a printed notice or a broadcast; [and] to call public attention to esp[ecially] by emphasizing desirable qualities so as to arouse a desire to buy or patronize." The record before this court is devoid of evidence from which one could find that the mere presence of "Landmark" at the entrance of Hamden Plaza will arouse the desire of passersby to patronize the merchants and services available there.

Moreover, the commission acknowledged that it considers "Landmark" to be a sign only if it is located in a place where it can be seen directly from the highway. The commission conceded that it would have granted the site plan application if the sculpture was located inside the shopping area away from the road. The regulations make no such distinction. We conclude that the application of § 210 to the sculpture "Landmark" is unsupported and is arbitrary and unreasonable. We determine, therefore, that the commission and the trial court erred by holding that "Landmark" is a sign within the meaning of article II, § 210, of the Hamden zoning regulations and by regulating it as such.

At oral argument before this court, the commission conceded that, other than the sign regulations in question, nothing contained within the Hamden zoning regulations prevents the erection of this sculpture at its proposed site. Under such circumstances, we reverse the judgment of the trial court and remand the mat-

ter with direction to sustain the plaintiffs' appeal and to order that their application for a site plan approval be granted. See *Thorne* v. *Zoning Commission,* 178 Conn. 198, 206, 423 A.2d 861 (1979); *Chevron Oil Co.* v. *Zoning Board of Appeals,* 170 Conn. 146, 154, 365 A.2d 387 (1976).

There is error, the judgment is set aside and the case is remanded with direction to sustain the plaintiffs' appeal and to order the granting of their application.