DAVID ILVENTO ET AL. *v.* EUGENE FRATTALI ET AL.
(13535)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and HULL, Js.

Argued February 1—decision released March 21, 1989

*Frank N. Eppinger,* with whom, on the brief, was *Mark Oberlatz,* for the appellants (plaintiffs).

*Susan G. Nelson,* with whom were *Timothy D. Bates* and, on the brief, *Robert A. Avena,* for the appellees (defendant planning and zoning commission of the city of Groton et al.).

*Joseph E. Moukawsher,* for the appellee (named defendant).

PER CURIAM. This is an appeal from the action of the planning and zoning commission of the city of Groton approving the application of the named defendant, Eugene Frattali, for a site plan approval and special permit. The trial court dismissed the plaintiffs' appeal for lack of jurisdiction because of their failure to cite the chairman or clerk of the commission in their appeal. The plaintiffs did, however, cite the commission, and the sheriff did, in fact, leave a "true and attested copy" of the appeal with its chairman, as required by statute, although not specifically directed to do so. General Statutes § 8-28 (a).[1] All other necessary parties were properly cited and served.

---

[1] General Statutes § 8-28 (a) provides in pertinent part: "APPEAL FROM PLANNING COMMISSION TO SUPERIOR COURT. REVIEW BY APPELLATE COURT. (a) Notice of all official actions or decisions of a planning commission, not limited to those relating to the approval or denial of subdivision plans, shall be published in a newspaper having a substantial circulation in the municipality within fifteen days after such action or decision. Except as provided in section 8-30, any person aggrieved by an official action or decision of a planning commission, including a decision to take no action, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of a planning commission, may appeal therefrom, within fifteen days from the date when notice of such action or decision was so published, to the superior court for the judicial district within which the municipality with such planning commission lies. In those situations where the approval of the planning commission must be inferred because of the failure of the commission to act on an application, any person aggrieved by such approval, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the

The legislature, when it enacted Public Acts 1988, No. 88-79, in response to our decisions in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987), and *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988), clearly expressed an intention that appeals from the decisions of planning and zoning commissions be heard and decided on their merits and not be invalidated for technical defects in service. *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 487, 547 A.2d 528 (1988). With that in mind we conclude that the citation and service in this case substantially complied with § 8-28 (a) and were sufficient to ensure that the commission received adequate notice of the plaintiffs' appeal. See *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 151, 543 A.2d 1339 (1988).

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings.

---

land involved in such approval, may appeal therefrom within twenty days after the expiration of the period prescribed in section 8-26d for action by the commission to the superior court for the judicial district within which the municipality with such planning commission lies. Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said commission, and by serving a true and attested copy upon the clerk of the municipality, provided service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal to said commission and shall not thereby make such clerk a necessary party to such appeal. The commission shall return either the original papers acted upon by it and constituting the record of the case appealed from or certified copies thereof. There shall be no right to further review except upon certification for review to the appellate court in the manner provided in section 8-8. . . ."