EDWARD M. KENNEY ET AL. *v.* PLANNING AND ZONING BOARD OF THE TOWN OF GREENWICH ET AL.*
(6197)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued April 13—decision released June 6, 1989

*Eugene J. Riccio,* with whom, on the brief, were *Mark R. Carta, Kari Pedersen* and *Catherine Rinaldi,* for the appellants (plaintiffs).

---

* Reversed, 20 Conn. App. 136,      A.2d      (1989).

*Robert P. Dolian,* with whom, on the brief, were *Charles K. Campbell* and *Joseph N. Varon,* for the appellees (defendants Daniel and Janet Barber).

FOTI, J. Pursuant to General Statutes (Rev. to 1985) § 8-8 (b) and the Supreme Court's decisions in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*), and *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*), the trial court dismissed the plaintiffs' appeal. The trial court determined that the plaintiffs' failure to name as a necessary party, cite and serve the clerk of the municipality deprived the court of subject matter jurisdiction. All other necessary parties, including the chairman of the board, were found to have been properly named, cited and served.

During the pendency of the plaintiffs' appeal from the trial court's dismissal of their case, the General Assembly amended § 8-8 (b) and enacted a validating act; Public Acts 1988, No. 88-79;[1] to save certain zoning appeals, brought within a designated grace period, from dismissal on *Simko* grounds. Relying on the validating act, the plaintiffs filed a motion to open, which was denied by the trial court on the ground that the town clerk was not physically served with copies of the appeal. The plaintiffs appeal from the trial court's denial of their motion to open.

The dispositive issue in this appeal is whether Public Acts 1988, No. 88-79 validates a zoning appeal in

---

[1] Public Acts 1988, No. 88-79, enacted April 20, 1988, supplemented General Statutes § 8-8 by adding: "Sec. 3. (a) Any appeal of a decision of a zoning commission, planning commission, planning and zoning commission or zoning board of appeals taken on or after October 1, 1985 and prior to December 1, 1987 in which a final judgment has not been entered prior to the effective date of this act, otherwise valid except that the party taking such appeal failed to name the clerk of the municipality as a party to the appeal in the appeal citation, is validated."

which the town clerk was neither cited nor actually served with copies of the appeal. We conclude that it does.

This case is controlled by *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 547 A.2d 528 (1988), in which the Supreme Court examined the validating act and its purposes. Under *Capalbo,* four conditions must be satisfied in order to save an otherwise invalid appeal: "(1) it must have been taken on or after October 1, 1985; (2) it must have been taken prior to December 1, 1987; (3) a 'final judgment' must not have been rendered prior to the effective date of the act (April 20, 1988); and (4) the appeal must be otherwise valid except that the appellant failed to name the clerk of the municipality as a party to the appeal." Id., 485; see also *Aitken* v. *Zoning Board of Appeals,* 18 Conn. App. 195, 200, 557 A.2d 1265 (1989). This case readily meets the first three requirements of this test. The factual situation presented, however, raises questions as to the fourth condition.

In analyzing what is an "otherwise valid" appeal under the validating act, the *Capalbo* court adopted a "functional approach." Applying the functional approach to various factual situations, the Supreme Court and this court have found the validating act broad enough to save numerous zoning appeals with *Simko*-type defects. See, e.g., *Ilvento* v. *Frattali,* 210 Conn. 432, 433–34, 555 A.2d 985 (1989) (appeal validated where plaintiff failed to name the chairman or clerk of commission as a necessary party but cited the chairman of the commission for purposes of directing service); *Capalbo* v. *Planning & Zoning Board of Appeals,* supra (appeal validated where town clerk received a copy of appeal but was neither cited as a party nor named for the purpose of directing proper service); *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 543 A.2d 1339 (1988) (appeal validated where town

clerk was not named as party but the citation directed the sheriff to serve both town clerk and chairman of the board); see also *Aitken* v. *Zoning Board of Appeals,* supra. "It is now abundantly clear that when the legislature enacted Public Acts 1988, No. 88-79, it 'clearly expressed an intention that appeals from the decisions of planning and zoning commissions be heard and decided on their merits and not be invalidated for technical defects in service.' *Ilvento* v. *Frattali,* supra, 434." *Aitken* v. *Zoning Board of Appeals,* supra, 203.

We conclude that the validating act and subsequent decisions interpreting that act are broad enough to encompass the present factual circumstances.[2] The service in this case was, therefore, legally sufficient "to ensure that the commission received adequate notice of the [plaintiffs'] appeal." *Ilvento* v. *Frattali,* supra, 434.

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings.

In this opinion the other judges concurred.

---

[2] Although the defendants are correct that the present case is factually distinguishable from *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 488, 547 A.2d 528 (1988), we find this case to be substantively indistinguishable. In *Capalbo,* the Supreme Court framed the issue as being whether the plaintiffs' appeal was " 'otherwise valid' except for failing to name the town clerk, when the town clerk was neither named nor served?" In that case, the town clerk was served with a copy of the appeal but was not cited as a party. Id., 485. The court emphasized that actual delivery of an appeal to a party without direction in the citation to serve that party is of *no legal effect.* Despite that legal deficiency, however, the court determined that service was legally sufficient under the validating act. In the present case, the town clerk was neither cited nor served. In light of the court's reasoning in *Capalbo,* we are convinced that in enacting the validating act; see footnote 1, supra; the legislature intended to save the present appeal.