WILLIAM C. SPICER, JR., ET AL. *v.* NOANK
FIRE DISTRICT ZONING COMMISSION
(13678)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued June 7—decision released August 1, 1989

*Frank N. Eppinger,* with whom, on the brief, was *Mark Oberlatz,* for the appellants (plaintiffs).

*Cheryl V. Helms,* with whom, on the brief, was *Emmet L. Cosgrove,* for the appellee (defendant).

CALLAHAN, J. The issue in this case is whether the trial court erred in denying the motion of the plaintiffs to set aside the judgment dismissing their appeal from the decision of the defendant, the Noank fire district zoning commission (commission). We find no error.

The plaintiffs, William C. Spicer, Jr., and Doris M. Spicer, are the owners of property that was included in a site plan review submitted to the commission by William C. Spicer III and John Spicer (the applicants).[1] The applicants lease the property in question from the plaintiffs and they own and operate Spicer's Marina, which is located thereon. On October 8, 1987, the commission approved the applicants' site plan with modifications unacceptable to the plaintiffs. On October 23, 1987, the plaintiffs appealed to the Superior Court from the decision of the commission claiming in the first count of their petition that they were "aggrieved by the decision of the Commission because their use, enjoyment and value of the premises [was] impaired, depreciated and diminished by reason of the decision of the Commission which denies them the full use of their property by eliminating the full and legal and valid nonconforming uses and requiring, inter alia, a buffer along the easterly side of the Spicer's Marina." In the second count of their petition, the plaintiffs sought damages for the commission's allegedly unconstitutional taking of their property under 42 U.S.C. § 1983.[2]

In commencing their appeal, the plaintiffs used the civil service form JD-CV-1 and named the commission as the sole defendant. Service was made on the commission by a sheriff who left copies of the writ, summons and complaint with the clerk of the town of Groton and also with Frank Socha, the chief executive of the Noank fire district, Ralph M. Reynolds, the zon-

---

[1] The applicants are not parties to this appeal.

[2] Count two is not in question in the present appeal.

ing enforcement officer of the Noank fire district, and Russell A. Fowler, chairman of the commission. The municipal clerk for the Noank fire district was neither cited, served, nor delivered a copy of the plaintiffs' appeal.

The commission subsequently moved to dismiss count one of the plaintiffs' appeal for lack of jurisdiction claiming that they had failed to cite or serve the clerk of the municipality as required by General Statutes § 8-8 (b).[3] On February 4, 1988, the trial court granted the defendant's motion. The plaintiffs thereafter moved to set aside the judgment of dismissal claiming that Public Acts 1988, No. 88-79, § 3 (a),[4] validated their appeal. On September 22, 1988, the court denied the plaintiffs' motion concluding that Public Acts 1988, No. 88-79, § 3 (a), required that the clerk of the municipality be served and that the plaintiffs' failure to do so rendered their appeal subject to dismissal. The plaintiffs subsequently petitioned the Appellate Court for certification for review of the trial court's denial of their motion to set aside the judgment of dismissal. On November 3, 1988, the Appellate Court granted the plaintiffs' petition and, thereafter, this court transferred the appeal to itself pursuant to Practice Book § 4023.

[3] General Statutes (Rev. to 1987) § 8-8 (b) provides in pertinent part: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."

[4] Public Acts 1988, No. 88-79, § 3 (a), enacted April 20, 1988, supplemented General Statutes § 8-8 by adding, inter alia: "Any appeal of a decision of a zoning commission, planning commission, planning and zoning commission or zoning board of appeals taken on or after October 1, 1985 and prior to December 1, 1987 in which a final judgment has not been entered prior to the effective date of this act, otherwise valid except that the party taking such appeal failed to name the clerk of the municipality as a party to the appeal in the appeal citation, is validated. . . ."

On appeal, the plaintiffs claim that, although they neither cited, served nor delivered their appeal to the municipal clerk of the Noank fire district, their appeal is not jurisdictionally defective because § 8-8 (b) as supplemented by Public Acts 1988, No. 88-79, § 3 (a), validates it. We disagree.

In *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 418–19, 553 A.2d 879 (1987) (*Simko I*), and *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 377, 382, 538 A.2d 202 (1988) (*Simko II*), this court held that the chairman or clerk of the zoning commission and the clerk of the municipality are necessary parties to the initiation of a zoning appeal to the Superior Court and that § 8-8 (b), as amended by Public Acts 1985, No. 85-284, requires the appellant to cite and serve both. See also *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 484–85, 547 A.2d 528 (1988); *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 69–70, 540 A.2d 59 (1988). Failure to comply strictly with the provisions of § 8-8 (b) renders the appeal subject to dismissal. *Capalbo* v. *Planning & Zoning Board of Appeals,* supra, 485; *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* supra; *Simko II,* supra, 383; *Simko I,* supra, 421.

Section 8-8 was supplemented by the legislature in 1988 by Public Acts 1988, No. 88-79, § 3 (a), to save many of the appeals invalidated by *Simko I* and *Simko II.* Our first opportunity to consider the effect of the 1988 saving statute came in *Capalbo* v. *Planning & Zoning Board of Appeals,* supra, 485, where we stated that "[p]ursuant to [§] (3) (a) of the validating act, four conditions must exist for a zoning appeal to be validated: (1) it must have been taken on or after October 1, 1985; (2) it must have been taken prior to December 1, 1987; (3) a 'final judgment' must not have been rendered prior to the effective date of the act (April 20, 1988); and (4)

the appeal must be otherwise valid except that the appellant failed to name the clerk of the municipality as a party to the appeal." Although the plaintiffs' appeal in the instant case satisfies the first three conditions, it is problematical with regard to the fourth "otherwise valid" condition.

In discussing the fourth condition in *Capalbo* v. *Planning & Zoning Board of Appeals,* supra, 489, we stated that "[e]ven as amended by Public Acts 1988, No. 88-79, § 1, General Statutes § 8-8 (b) still requires the clerk of a municipality to be *served* with true and attested copies of the appeal [in order to confer upon the court jurisdiction to hear the plaintiffs' appeal]." (Emphasis in original.) In *Capalbo,* although the plaintiffs failed to name the town clerk in the citation, a copy of their appeal was delivered to him. We stated that although actual delivery of an appeal to a party without direction in the citation to serve that party was not legally "service," the plaintiffs' appeal was validated under the saving statute because the legislature did not intend for appeals from the decisions of the zoning commission to be invalidated for technical defects. Id., 489. Similarly, in *Ilvento* v. *Frattali,* 210 Conn. 432, 555 A.2d 985 (1989), we held that the appeal was validated under Public Acts 1988, No. 88-79, § 3 (a), where the plaintiffs had failed to name the chairman or the clerk of the planning and zoning commission as a necessary party but did, in fact, deliver a true and attested copy of the appeal to the chairman of the commission. Our holding in *Ilvento* was based on the fact that the commission had "received adequate notice of the plaintiffs' appeal." Id., 434; see also *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 151, 543 A.2d 1339 (1988) (jurisdiction found where municipality received adequate notice of appeal); compare *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* supra, 69–70

(no error in trial court's dismissal of appeal where plaintiff failed to serve chairman or clerk of commission as required by General Statutes § 8-28 [a]).[5]

In contrast to *Capalbo* and *Ilvento,* the clerk of the municipality[6] in the present case did not receive a copy of the plaintiffs' appeal. We do not believe that the legislature intended Public Acts 1988, No. 88-79, § 3 (a), to extend to the circumstances presented in this case. Absent actual delivery of a copy of the plaintiffs' appeal to the clerk of the municipality, the appeal must be dismissed for lack of jurisdiction.

There is no error.

In this opinion the other justices concurred.

---

[5] In *Kenney* v. *Planning & Zoning Board,* 18 Conn. App. 549, 552, 559 A.2d 721 (1989), the Appellate Court held that Public Acts 1988, No. 88-79, § 3 (a), validated a zoning appeal in which the town clerk was neither cited nor actually served with copies of the plaintiffs' appeal. In *Kenney,* the Appellate Court stated that our holdings in *Ilvento* v. *Frattali,* 210 Conn. 432, 555 A.2d 985 (1989), *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 547 A.2d 528 (1988), and *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 543 A.2d 1339 (1988), mandated a broad reading of the validating statute. Based on such an interpretation, the court concluded that the plaintiffs' failure to cite and serve the town clerk was a "technical" defect that would not render the appeal subject to dismissal. *Kenney* v. *Planning & Zoning Board,* supra, 552. We do not agree. Failure to deliver a copy of the appeal to the town or municipal clerk comprises more than a technical defect. Without at least actual delivery of a copy of the appeal, the provision of General Statutes § 8-8 (b) requiring service "upon the clerk of the municipality" would be totally ignored. In *Ilvento, Capalbo* and *Schwartz,* we found that jurisdiction existed because there was actual delivery of a copy of the appeal to the town or municipal clerk.

[6] In the present case the plaintiffs cited and served the clerk of the town of Groton. This does not, however, satisfy the requirements of General Statutes § 8-8 (b). Municipality is defined in General Statutes § 8-1a as including "a district establishing a zoning commission under section 7-326." Accordingly, the plaintiffs were required to cite and serve the clerk of the Noank fire district, which has established such a zoning commission. The plaintiffs concede that no service has been made upon the clerk of the Noank fire district.