EDWARD M. KENNEY ET AL. *v.* PLANNING AND ZONING
BOARD OF THE TOWN OF GREENWICH ET AL.
(6197)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued April 13—decision released October 10, 1989

*Eugene J. Riccio,* with whom, on the brief, were
*Mark R. Carta, Kari Pedersen* and *Catherine Rinaldi,*
for the appellants (plaintiffs).

*Robert P. Dolian,* with whom, on the brief, were
*Charles K. Campbell* and *Joseph N. Varon,* for the
appellees (defendants Daniel and Janet Barber).

PER CURIAM. The Supreme Court granted the peti-
tion by the defendants Daniel and Janet Barber for cer-
tification for appeal from the Appellate Court, *Kenney*
v. *Planning & Zoning Board,* 18 Conn. App. 549, 559
A.2d 721 (1989), argued April 13, 1989, with the origi-
nal decision released June 6, 1989. On August 1, 1989,
the matter was "remanded to the Appellate Court for
reconsideration in light of [the Supreme Court's] deci-
sion in *Spicer* v. *Zoning Commission,* 212 Conn. 375

[562 A.2d 21 (1989)]." *Kenney* v. *Planning & Zoning Board,* 212 Conn. 808, 563 A.2d 1355 (1989).

In *Kenney* we held that failure either to cite or actually to serve the town clerk with copies of the plaintiffs' appeal was a "technical" defect that would not render the appeal subject to dismissal, based on a broad reading of the validating statute, Public Acts 1988, No. 88-79, § 3 (a), and therefore we held that the trial court should not have dismissed the plaintiffs' appeal. In *Spicer* v. *Zoning Commission,* supra, the Supreme Court held that at least actual delivery of a copy of the plaintiffs' appeal to the clerk of a municipality is required or the appeal must be dismissed for lack of jurisdiction. Jurisdiction was found to exist in *Ilvento* v. *Frattali,* 210 Conn. 432, 555 A.2d 985 (1989), *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 547 A.2d 528 (1988), and *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 543 A.2d 1339 (1988), because there was actual delivery of a copy of the appeal to the town or municipal clerk. In the present case the town clerk did not receive a copy of the plaintiffs' appeal. Since that is so, the plaintiffs' appeal should have been dismissed by the trial court for lack of jurisdiction.

There is no error.