[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Janet Ann Perrotti and Mary Jana Lazeroff procured, in November of 1988 a parcel of land at 1671 Litchfield Turnpike, Woodbridge, Connecticut, which parcel contained a billboard measuring 12 feet by 24 feet, by 6 inches. This billboard had been on the property since about 1921.
On or about September 15, 1988 the aforementioned billboard was totally removed from the premises without owner's permission and by someone other than the plaintiffs.
The plaintiffs had constructed, by April 28, 1989, a new billboard, the same size as the one removed, and in the same location as the old one.
On October 19, 1989 the plaintiffs were served with a cease and desist order from the Town of Woodbridge and ordered to remove the billboard.
On October 31, 1989 the plaintiffs applied to the Woodbridge Zoning Board of Appeals re the cease and desist order.
On March 14, 1990 the Zoning Board voted to deny the appeal.
On May 21, 1991 Charles Reither was substituted for Janet Ann Perrotti as a party plaintiff due to the fact that Janet Ann Perrotti had transferred her interest in the property to Charles Reither.
After hearing the parties to this appeal, the Court finds that the plaintiffs have been aggrieved and have standing to take this appeal.
The overall issue in this matter seems to be whether the reconstruction of the two panel billboard on the plaintiffs' property was in conformity with Section 5.21 of the Woodbridge Zoning Regulations. From the arguments by counsel, the issue is further broken down for determination as to whether of not the removal of the sign as stated above, is a casualty within Section 5.21.
Section 5.21 of the Woodbridge Zoning Regulations reads as follows: Any non-conforming building or structure which is destroyed or damaged by fire or casualty may be reconstructed and structurally altered.
The plaintiffs argue that the removal of the sign was a casualty, the Town of Woodbridge argues that it was not.
The Woodbridge Zoning Regulations do not define the term casualty.
Where a statute or regulation does not define a term, it is appropriate to focus upon its common understanding as expressed in the law and upon its dictionary meaning Ziperstein v. Tax Commissioner, 178 Conn. 493 (1979).
Section 1.1 Connecticut General Statutes, Words and Phrases (a). In the construction of the statutes, words and phrases should be construed according to the commonly approved use of the language; and technical words CT Page 2452 and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly.
The Court is not bound by the legal interpretation of the ordinance by the Town. The words used in zoning ordinances are to be interpreted according to their usual and natural meaning and the regulations should not be extended by implication beyond their expressed terms. Schuartz v. Planning Zoning Commission, 208 Conn. 146 (1988).
Webster's New Third International Dictionary defines the word Casualty as follows: a person or thing that has failed, been injured, lost or destroyed as a result of uncontrollable circumstances or of some action.
Random House Dictionary: Casualty — Any person, group, thing, etc. that is harmed or destroyed as a result of some act or event.
The Court finds that the loss and destruction of the billboard which is the subject of this appeal was a casualty within the meaning of Section 5.21 of the Woodbridge Zoning Regulations and that the Zoning Board should have granted the plaintiffs' appeal. In denying said appeal the Board acted illegally.
The plaintiff's appeal is sustained and the decision of the Zoning Board is reversed.
ROBERT C. FLANAGAN, JUDGE