[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Donald D'Addeo and Kathryn D'Addeo appeal a decision of the defendant town plan and zoning commission of the town of Bloomfield denying the plaintiffs' application to resubdivide their property. The defendant moves to dismiss. The court finds the issues in favor of the defendant.
General Statutes § 8-8 (e) provides that service of an appeal of a decision of a plan and zoning commission "shall be made by leaving a true and attested copy of the CT Page 12158 process with, or at the usual place of abode of, the chairman or clerk of the (commission)." The defendant's motion to dismiss is based on its contention that the plaintiffs did not serve the chairman or clerk as required by the statute.
The court's file indicates that the plaintiffs directed the deputy sheriff to serve the appeal on Thomas B. Hooper, Director of Planning of the town. The sheriff's return indicates that Hooper was served along with the town clerk. There was no other service.
At the hearing on the motion to dismiss, the defendant presented the testimony of Margaret Frawley, the administrative secretary to the commission. She testified that the chairman of the commission is Jonathan Colman and that there is no clerk of the commission. She testified that Hooper is a town employee but he is not a member of the commission.
The plaintiffs argue that Hooper is the "de facto" clerk of the commission. They support that argument by referring to the letter transmitting the commission's decision in their case in which Hooper is identified as the person they may contact if they "have any further questions regarding this matter." Further, in their brief in opposition to the motion to dismiss, their attorney asserts that Frawley told her that Hooper was the proper recipient of service.[1]
Based on the evidence adduced at the hearing on the motion, the court finds that Hooper is not the clerk of the commission. The court also finds that service of the appeal was not made on either the chairman or anyone acting as clerk of the commission.
Failure to comply strictly with the statutory requirements of service of the appeal deprives the court of jurisdiction over the subject matter of the appeal.Spicer v. Zoning Commission, 212 Conn. 375 (1989).
The motion to dismiss is granted.
MALONEY, J. CT Page 12159