[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANT'S MOTION TO DISMISS
On November 21, 1997, the plaintiff, Donna L. Kroll, filed an appeal, pursuant to General Statutes § 8-8, of a decision of the defendant Groton Long Point Zoning Board of Appeals. On January 15, 1998, the defendant[1] filed a motion to dismiss the plaintiff's appeal on the ground that the court lacks subject matter jurisdiction. The defendant's motion was accompanied by a memorandum of law; the plaintiff timely filed a memorandum of law in opposition to the defendant's motion to dismiss.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314.
The defendant moves to dismiss the plaintiff's appeal on the ground that the court lacks subject matter jurisdiction because the plaintiff has failed to cite in a necessary and indispensable party. The defendant argues that "[s]ince the citation does not summon the Groton Long Point Zoning Board of Appeals, the officer to whom the citation was given does not have the power or authority to summon the Groton Long Point Zoning Board of Appeals." The plaintiff argues in opposition that her use of a JD-CV-1 summons form correctly identifying the defendant cures any defect in her citation. The plaintiff further points to the sheriff's return, which indicates that service was made on the chairman of the Groton Long Point Zoning Board of Appeals.
"[A] statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . [Such] provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal. . . ." (Internal quotations omitted.) Spicer v. ZoningCommission, 212 Conn. 375, 379, 562 A.2d 21 (1989). General Statutes § 8-8, which provides for a right of appeal by a person aggrieved by a decision of a zoning board of appeals, provides in subsection (e) that "[s]ervice of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the CT Page 6079 board or the clerk of the municipality a necessary party to the appeal."
In the present appeal, the plaintiff used a JD-CV-1 form, which summons the defendant Groton Long Point Zoning Board of Appeals, the municipal body that rendered the decision that the plaintiff now appeals. The appeal, however, also uses Practice Book Form 204.7, with a citation summoning the Planning and Zoning Commission of Groton Long Point. The sheriff's return indicates that service was made on the Groton Long Point Zoning Board of Appeals, c/o the chairman, and on the clerk of the Groton Long Point Association.[2]
Practice Book § 49, now Practice Book (1998 Rev.) §8-1, provides in subsection (b) that "Form JD-CV-1 shall not be used in . . . (4) Administrative appeals." (Emphasis added.) InChestnut Realty. Inc. v. CHRO, 201 Conn. 350, 514 A.2d 749
(1986), however, the court found that absent an affirmative showing of prejudice by the defendant, the mistaken use of the JD-CV-1 form in an administrative appeal brought pursuant to General Statutes § 4-183 did not warrant dismissal of the appeal. The court held that "as long as [the improper form] contains a proper citation, signed by a competent authority, its use does not call into question the jurisdiction of the Superior Court to entertain the appeal." Id., 356.
Notwithstanding service on the Groton Long Point Zoning Board of Appeals, had the plaintiff's appeal contained only the citation included under Practice Book Form 204.7, summoning the Planning and Zoning Commission of Groton Long Point, the plaintiff's appeal would have been subject to dismissal, for the sheriff would have had no authority to summon the Groton Long Point Zoning Board of Appeals. See Village Creek Homeowners Assn.v. Public Utilities Commission, 148 Conn. 336, 170 A.2d 732
(1961) (citation is the warrant bestowing officer to whom given the power and authority to execute its command; citation separate and distinct from sheriff's return; proper citation essential to validity of appeal and jurisdiction of court). Given the plaintiff's additional use of the Civil Form JD-CV-1, however, which contained a proper citation commanding service by a proper officer on the Groton Long Point Zoning Board of Appeals, the sheriff was authorized "to make due and legal service" upon the Groton Long Point Zoning Board of Appeals.
The court, therefore, has subject matter jurisdiction over CT Page 6080 the plaintiff's appeal. Accordingly, the defendant's motion to dismiss is denied.[3]
Koletsky, J.