MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#104) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#105)
The plaintiff, C. John Satti, Jr., commenced this appeal from the decision of the Code Enforcement Committee Appeal Panel of the City of New London (Committee). Both parties have moved for summary judgment. The following facts are not in dispute.
On July 28, 1997, the City of New London Building Official wrote a letter to the plaintiff ordering him to demolish his property at 131 Montauk Avenue or for him to take immediate remedial action within fourteen days.
On August 27, 1997, the Director of Law for the City of New London wrote a letter to the plaintiff in which he recounted the July 28 order/notice of the Building Official and outlined the city's authority to raze/remove any unsafe structure if the owner failed to comply with a demolition order and to charge the cost of such removal to the property owner. The Director also, again, ordered the plaintiff to demolish the property within fourteen CT Page 7540 days from the date of the letter.
On September 10, 1997, the plaintiff appealed from the August 27 demolition order to the Committee by a letter written to the Building Official of the City of New London. On October 31, 1997, the Committee met and denied the plaintiff's appeal on the ground that the plaintiff failed to request a hearing within 20 days of the July 28, 1997 order of the building official.
On February 23, 1998, the court was prepared to hear argument on the plaintiff's motion to enjoin, dated November 19, 1997, and the defendant's November 28, 1997 objection to that motion. At the time of the argument, both parties agreed, and this court ordered, that each party would file cross motions for summary judgment within two weeks of the date of argument. On March 9, 1998, both parties submitted motions for summary judgment and supporting memoranda and documents.
In their motions for summary judgment, both parties move on the ground that there are no issues of material fact and that each party is entitled to judgment as a matter of law.
Initially, this court must consider the proper standard to apply in the present case. Although this court assented to the parties' agreement that each file motions for summary judgment, a motion to dismiss is actually the proper vehicle for defendant since a "motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995); Johnson v. Dept. ofPublic Health, 48 Conn. App. 102, 107 n. 6, ___ A.2d ___ (1998). As a rule, "`[t]he construction of a pleading is ultimately a question for the court.'" Johnson v. Dept. ofPublic Health, supra, 48 Conn. App. 107, quoting HomeOil Co. v. Todd, 195 Conn. 333, 3409, 487 A.2d 1095 (1985). See also Drahan v. Board of Education,42 Conn. App. 480, 489, 680 A.2d 316 (1996), cert. denied, 239 Conn. 921,682 A.2d 1000 (1997). Since the issue in this case is whether the plaintiff's appeal was timely, the instant matter directly implicates whether or not this court has the authority to hear the matter.
The gravamen of the plaintiff's claim in the present action is that the Committee erred when it determined that it would not CT Page 7541 hear the plaintiff's appeal for his failure to file an appeal within the time allotted by the applicable rules. "[A] statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . [Such] provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal. . . ." (Internal quotations omitted.) Spicer v. ZoningCommission, 212 Conn. 375, 379, 562 A.2d 21 (1989).
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Fiqueroa v. C S Ball Bearing, 237 Conn. 1,4, 675 A.2d 845 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Id., 4. "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,545, 590 ___ A.2d ___ 914. "[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Jolly Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). "The trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question. . . ." Glastonbury Volunteer Ambulance Assn.,Inc. v. Freedom of Information Commission, 227 Conn. 848,851, 633 A.2d 305 (1993).
Accordingly, this court will treat the defendant's motion as a motion to dismiss.
The plaintiff does not dispute the authority of the New London Building Official to issue a notice and order, nor the form or procedure that he used. The exhibits submitted by the parties indicate that the Building Official's letter of July 28 met the requirements of §§ PM-107.2[2] and PM 107.3[3]. (Defendant's Exhibit 2; Plaintiff's Exhibit 2). Thus, this court finds the Building Official's letter was a valid order.
The crux of the plaintiff's argument is that the order contained in the letter of the Director of Law, to the plaintiff, is imputed to the Building Official and is therefore appealable. CT Page 7542 Since the appeal from this order was timely, the plaintiff argues that the defendant erred in ruling otherwise. The plaintiff notes that the two orders are different in that the Building Official's letter spoke to criminal prosecution for failure to demolish the structure, while the Director of Law's letter spoke to the demolition by the city, which would seek costs by way of a lien on the property. That the two orders differ in this manner is of no consequence, however, since the Building Official's letter meets all the requirements of § PM-107.2.
The plaintiff relies on section PM-106.3 in arguing that the Director of Law has authority to issue orders (Plaintiff's Exhibit 4). Section PM-106.3, which is titled "Prosecution", states, in relevant part: "In case of any unlawful acts the code official shall institute an appropriate action or proceeding at law to exact the penalty provided in Section PM-106.2. Also, the code official shall ask the jurisdiction's legal representative to proceed at law or in equity against the person responsible for the violation for the purpose of ordering that person . . ." Given that this language is found only in a section dealing with prosecution, it cannot be read, as the plaintiff advocates, as authority for the Director of Law, as the jurisdiction's legal representative, to issue any order. The plaintiff's argument is also flawed in that the language of § PM-107.1[4], a subsection of PM-107.0, provides that it is the code official who determines whether a code violation has occurred. That section further instructs on the manner to be followed in giving notice of the violation. In addition, the language of § PM-111.1 states that "any person affected by any notice" may appeal "within 20 days after the notice was served" on the person seeking an appeal.[5] (Emphasis added.) This section sets forth the jurisdictional requirements that a party must follow to institute a viable appeal to the Committee. In the present case, the defendant Committee found the plaintiff's appeal untimely and, therefore, denied a hearing. In doing so, the defendant Committee essentially acknowledged that it had no jurisdiction over the appeal because the plaintiff failed to meet the time requirements for filing such an appeal.
The plaintiff, however, argues that § PM-111.1 contemplates the appeal of "any order, whether issued by the Building Official or the City Attorney," thus making his appeal timely. Without demonstrating why the order issued by the Building Official on July 28, 1997 was not valid, the plaintiff has given no reason why having received that order and notice, he CT Page 7543 was not obligated to file a timely appeal. Further, even assuming, arguendo, that the order of the Director of Law was equivalent to an order by the Building Official, the plaintiff was not entitled to ignore, for appeal purposes, a proper first order and notice of the Building Official, whose authority to issue such order and notice is expressly set forth in the controlling ordinance, in favor of a second order and notice by an individual less clearly authorized in the circumstances of the present case. To permit the plaintiff to time his appeal from the second order and notice, if in fact it was a valid order, would undermine the Building Official's authority.[6]
The court is not ruling on the plaintiff's motion for summary judgment since the court recognizes that it lacks jurisdiction over this matter because the plaintiff's appeal was untimely.
Accordingly, this court orders that this appeal be, and hereby is, dismissed.
Koletsky J.
[2] Section PM-107.1 provides in pertinent part that "[w]henever the code official determines that there has been a violation of this code or has reason to believe that a violation has occurred, notice shall be given to the owner . . . in the manner prescribed in sections PM-107.2 and 607.3." (Emphasis added.)
[3] Section PM-107.2 prescribes the form for such notice:
1. Be in writing;
 2. Include a description of the real estate sufficient for identification;
 3. Include a statement of the reason or reasons why the notice is being issue; and
 4. Include a correction order allowing a reasonable time for the reply.
[4] PM-107.1 Notice to owner or to person or persons responsible: Whenever the code official determines that there has been a violation of this code or has grounds to believe that a violation has occurred, notice shall be given to the owner or the CT Page 7544person or persons responsible therefore in the manner prescribed in Sections PM-107.2 and PM-107.3. Notices for condemnation
procedures shall also comply with Section PM-108.3.
[5] Section PM-111.1 provides in relevant part: Appeals: Any person affected by any notice which has been issued in connection with the enforcement of any provision of this ordinance may request, and upon the payment of [a] fifty dollar fee payable to the City of New London, shall be granted a hearing on the matter before the Code Enforcement Committee created in Section PM-11.2 of this ordinance; provided that such person shall file in the office of the Building Official a written petition requesting such hearing and setting forth a brief statement of the grounds thereof within 20 days after the day the notice was served. . . ." (Emphasis added.)
[6] The plaintiff noted in his memorandum in support of his motion for summary judgment that "the defendant Committee denied this appeal as not having been taken within twenty days of July 28, 1997 (the date of the Building Official's orders, and claimed that the order of the Attorney for the City of New London was not appealable and only served to clarify the Building Official's order." This court takes no position as to whether or not the Attorney for the City of New London's order was appealable and limits this decision to the facts in the instant matter, except to note that if, arguendo, there was a right of appeal from the city attorney's letter, such an appeal would still not implicate the validity of the July 28, 1997 order from which no timely appeal was taken. Therefore, it is clear that such an appeal would be moot, it being impossible to provide any practical relief to such an applicant.