[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Americo Pedra appeals the decision of the defendant zoning board of appeals of the City of Hartford granting a variance to defendant Gilberto Collado allowing Collado to relocate his package store business to a location which is within 1500 feet of an existing package store. The board acted pursuant to Conn. Gen. Stats. sec. 8-6. The plaintiff appeals pursuant to section 8-8. The court determines that it lacks jurisdiction of the subject matter of the appeal.
"A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised . . . Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. However, whenever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." (Citations and internal quotation marks omitted.) Jolly v. ZBA, 237 Conn. 184, 192 (1996). In this case, the defendant board raises the issue of the court's jurisdiction in its brief to the court on the appeal and at oral argument.
The basis of the board's attack on the court's jurisdiction is its contention that the plaintiff failed to serve the appeal on the chairperson of the board or on the clerk of the board as required by statute.
General Statutes § 8-8 (e) provides that service of an appeal of a decision of a Zoning board of appeals "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The court held an evidentiary hearing on the issue at which both parties presented witnesses and argument. Based on the evidence adduced at the hearing, the court finds the following facts. Before arranging for service, plaintiffs counsel went to city hall to ascertain the name and CT Page 385 address of the chairperson of the board. City employees gave counsel the chairperson's name but refused to disclose his home address. Counsel made no further effort to find the address, such as checking the phone book.
In the citation to the appeal, the plaintiff, by his counsel, directed the officer (in this case, a state marshall) to accomplish service by "leaving (a copy of the appeal) with or it the usual place of abode of Valerio Giadone, Chairman, Hartford Zoning Board of Appeals, 550 Main Street, Hartford Connecticut." Mr. Giadone is the chairperson of the board, but 550 Main Street is, of course, the Hartford city hall, not his place of abode. The marshall went to city hall and was told that Mr. Giadone was not in his office that day. The city employee refused to give the marshall Mr. Giadone's home address. The marshall did not make any other effort to ascertain the address, such as checking the phone book, but instead left the copy of the appeal with an employee of the board, Tammy McBride. The marshall erroneously inferred that Ms. McBride was somehow authorized to accept service. Ms. McBride is not the clerk of the board, however, and she was never instructed nor is she authorized to accept service of process for Mr. Giadone or for the clerk of the board.
The marshall never did deliver the appeal to Mr. Giadone personally or at his abode, nor did he deliver service to the clerk of the board. Neither the marshall nor plaintiff's counsel made any independent effort, other than described above, to determine Mr. Giadone's home address. Rather, the marshall followed the procedure described above in accordance with erroneous advice given to him and to plaintiffs counsel by city employees.
The marshall did properly serve the Hartford town and city clerk.
Regrettably, the law pertaining to proper service of an administrative appeal and the court's jurisdiction over the appeal is severe and unforgiving. As noted, subsection (e) of section 8-8 requires service on both the chairperson or clerk of the board and the municipal clerk. Failure to comply strictly with the statutory requirements deprives the court of jurisdiction over the subject matter of the appeal. Spicer v. Zoning Commission, 212 Conn. 375 (1989); Gadbois v. Planning Commission, 27 Conn.L.Rptr. No. 13, 450 (Sept. 11, 2000, Purtill, J.); D'Addeo v. Town Planning Zoning Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV95 055 20 68 (Oct. 17, 1995, Maloney. J.).[1]
In his brief and at oral argument, plaintiff places heavy emphasis on the fact that the city's own employees, including perhaps even employees of the board itself, appeared to attempt to waive the requirement of CT Page 386 personal or abode service on the chairperson or clerk of the board. As noted, plaintiffs counsel provided an affidavit and testimony that city employees advised her that service could be made on someone other than the chairperson himself. This argument is in conflict, however, with the familiar rule that "parties cannot confer subject matter jurisdiction on the court, either by waiver or consent." Jolly, Inc. v. ZBA, supra,237 Conn. 192. The advice given by the city employees and their actions could not affect the requirements of the statute, and the plaintiffs argument in this regard may not be sustained.
At oral argument, plaintiffs counsel pointed out that subsection (p) of section 8-8 as designed to provide some relief from the strict technical requirements of the law. In cases of insufficient service which was "due to unavoidable accident or the default or neglect of the officer to whom it was committed," this statute allows an appellant an additional fifteen days from "determination of (the) defect to properly take the appeal." The plaintiff has not taken any action to implement this statute, however, and the court notes that the defect in service, whatever its cause, could have been "determined" on December 5, 2001, the date of the marshall's return. That return indicates that service was not made on the chairperson or clerk of the board in accordance with the statute but, rather, by leaving a copy of the appeal "with Tammy McBride, Zoning Assistant to Chairman Valerio Giadone, accepting service for the within named Defendant, at 550 Main Street, Hartford, Connecticut."
For all of the reasons set forth above, the court concludes that the failure to properly serve either the chairperson or clerk of the defendant zoning board of appeals deprives the court of jurisdiction. Accordingly, the appeal is dismissed.
Maloney. J.T.R.)