[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appellants, Louis and Mary Federico's, appeal from a decision of the Appellee, City of New Haven, Board of Zoning Appeals.
The City's zoning enforcement officer had determined that the Federicos' general contracting business was a permitted use in an area designated as a business zone, and New Haven Alderwoman Robin Kroogman, appealed to the Board, from the zoning enforcement officer's decision. The Board reversed the decision of the zoning enforcement officer, and from that decision the Federicos have appealed. CT Page 5929-b
Neither party had addressed the issue as to whether or not Alderwoman Kroogman was aggrieved for purposes of taking appeal. The Court is not, therefore, going to rule on that issue.
At the hearing before this Court, Appellant, Louis Federico, testified that he and his wife owned the subject property located at 147 Farren Avenue and 35 Lancraft Street, New Haven. The Court therefore finds that they are aggrieved, and therefore entitled to take this appeal. Winchester Woods Associates vs. Planning and Zoning Commission, 219 Conn. 303,592 A.2d 953 (1991).
The Court must therefore determine whether the Board acted illegally, arbitrarily, or in abuse of its discretion in reversing the zoning enforcement officer's determination that the Federico's general contracting business was a permitted use on the subject parcel.
At the hearing before the Board, there was testimony that the Federicos were in the construction business, that they were storing construction vehicles, equipment, and materials outdoors on their lot. There was evidence of an uncovered dumpster on the premises, with debris strewn about the area. Neighboring residents also testified that there was oil spillage from the dumpster, that pieces of construction equipment extended into the neighboring yards, and that some of their property had CT Page 5929-c been damaged as a result of heavy Federico equipment being backed into their area.
The City planner had submitted a planning report to the Board in which he observed that the "zoning officer had ruled the site meets the criteria of Section 42.0 and therefore permitted the trucking use." However, the City planner had advised the Board to reverse the zoning enforcement officer's decision because Section 47.0 prohibits outside storage of commercial equipment. During the hearing the city planner emphasized that Section 42.0 mandates that "construction-related goods, services, all processing and manufacturing, including storage of goods, materials and equipment, shall be kept within a completely enclosed building in a BA zone."
The Board also heard testimony from the zoning enforcement officer, who stated that orders of violations had been sent to the Corporation Counsel's Office and were awaiting action. The zoning enforcement officer further testified that his "interpretation was based on that section on business vehicles and equipment. I think they are separated. And so that's where I was coming from in my interpretation of it. I really leave it to the Board to go whatever way they want to on it and interpret which is equipment and which is vehicles."
As indicated previously, when "applying the law to the facts of a particular case, a Board is endowed with a liberal discretion, and its CT Page 5929-d action subject to review by the Courts only to determine whether it was unreasonable, arbitrary, or illegal." Schwartz vs. Planning and Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339 (1988). However, the interpretation of provisions in a zoning ordinance is a question of law for the Court and the Court is not bound by the Town's legal interpretation of an ordinance. Coppola vs. Zoning Board of Appeals, 23 Conn[.] App. 636, 640, 583 A.2d 650 (1990).
The Board's review is limited to "alleged errors in interpretation of the ordinance" Code Section 63.b. The zoning enforcement officer found that a general contractor (trucking) business is a permitted use pursuant to Section 42.0 of the Code, and the Board reversed its decision. The Board based its decision upon evidence and testimony that revealed that the Federicos are in violation of various sections of the Code. However, evidence of zoning violations will not transform a permitted use into a non-permitted use. The New Haven Zoning Board provides procedural mechanism for the enforcement of its provisions, and, to the extent that the Federicos are in violation of the zoning code, the zoning authorities must pursue the appropriate enforcement mechanisms. Section 42.0 expressly permits the operation of a general contracting business on the subject parcel, and it is submitted that, to the extent that the Board's reversal would prohibit the Federicos from conducting a general contractor's business at the Farren Avenue parcel, to decision of the Board is illegal. Accordingly, it is submitted that the Federicos' appeal should be sustained. CT Page 5929-e
It is submitted that this file contains a Motion to Dismiss filed with the Board on April 9, 1992, it does not appear to have been acted upon and that was Docket No. 103. The Board rules to dismiss pursuant to Practice Book Section 251 and 257, on the ground that the Federicos failed to file a brief by March 26, 1992, as directed by the Court in its February 27, 1992 scheduling order. It appears, however, that the Federicos did file their brief on April 13, 1992, and that the Board filed its brief in opposition on April 30, 1992, so the Court feels that the Motion to Dismiss at this time is moot.
Robert C. Flanagan, Judge