[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises out of the denial by the Planning and Zoning Board of the City of Milford of a special permit to construct a single family residence on their property at 26 Market Place, Milford. The need for a special permit arises because the property is located within the wetlands area and the plaintiffs propose to construct said residence within 25 feet of the inland wetland area.
The plaintiffs' petition was heard at a public hearing on July 21, 1992. At a meeting of the Board held on August 4, 1992, the Board voted to deny the application. As the reasoning for the denial, the minutes of the meeting state the following: CT Page 509
 ". . . . the Board feels there is insufficient non-inland/wetland area left for construction together with suitable areas remaining for use as side, rear and front yards."
From their decision, the plaintiffs have brought this appeal claiming that the Board in so deciding has acted in a manner that is illegal, arbitrary or in abuse of its discretion.
Section 7.2.1 of the Milford Zoning Regulations states that:
 "Each application for a Special Permit shall be submitted in accordance with Sections 7.1.1 and 7.1.2 . . ."
Section 7.1.1 deals with the procedures involved in a site plan approval, while Section 7.1.2 relates to the elements necessary for an application for site plan approval.
In addition, pursuant to Section 7.1.3 of the Milford Regulations dealing with Site Plan Review, it states:
 "In approving any Site Plan, the Planning and Zoning Board shall take into consideration the public health, safety and general welfare, the comfort and convenience of the public in general and of the immediate neighborhood in particular, . . . . The Board shall also consider the following general objectives and design criteria."
The criteria required deals with the appropriateness of the proposed use in the particular district, traffic, public safety, landscaping and screening, public health, character and appearance. See Sections 7.1 3.1, 7.1.3.2, 7.1.3.3, 7.1.3.4, 7.1.3.5, 7.1.3.7 and 7.1.3.8 of the Milford Zoning Regulations.
 "Generally, is it the function of a zoning board or commission to decide `within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court had to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the CT Page 510 courts only to determine whether it was unreasonable, arbitrary or illegal'. On appeal a reviewing court reviews the record of the administrative proceeding to determine whether the commission or the board `has acted fairly or with proper motives or upon valid reasons.'" (Internal citations omitted). Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152.
There is sufficient evidence contained in the minutes of the hearing, in the entire record and in the reasons expounded by the Board in its decision, to indicate that the Board did not act in an unreasonable, arbitrary or illegal manner.
The plaintiff argues that because the inland/wetland authorities approved their request, that thereafter the Planning and Zoning Board should have followed suit. It is obvious from reading the Regulations that a great deal more is required before a "Special Permit" can be approved. From the questions raised by the Board relating to the location of the structure and its proximity to the wetlands as well as its location in relation to other neighboring buildings gave rise to concern over the setbacks for the proposed building and the reasons given by the Board for their decision, it is the opinion of the Court that they considered all of the criteria set forth in the regulations.
The court finds for the defendant. The plaintiff's appeal is therefore denied.
The Court
Curran, J.