[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Automated Container Recovery, Inc. ("ACRI"), appeals, pursuant to General Statutes § 8-8, a decision of the defendant, Berlin Planning Commission ("Commission"), denying its application for a site plan modification. The Commission, in denying ACRI's application, acted pursuant to General Statutes § 8-18 and the Zoning Regulations and Subdivision Regulations of the Town of Berlin.
On June 14, 1994, the Commission denied ACRI's application for a site plan modification. (Return of Record [ROR], Item A.) Notice of the Commission's denial of ACRI's application was published in The Herald, and mailed to ACRI's president, on June 20, 1994. (ROR, Items B, C.) On July 8, 1994, ACRI served the Commission by leaving the appeal papers with both Nancy Dennis, Assistant Town Clerk, who was authorized to receive service for the Commission, and Dennis Kern, Esquire, Chairman of the Commission. (Sheriff's Return.) CT Page 12611
ACRI filed this appeal on July 8, 1994. The Commission filed a return of record on August 12, 1994, and a supplemental return of record on September 22, 1994. ACRI and the Commission filed briefs on August 23, 1994 and September 22, 1994, respectively. ACRI filed a reply brief on October 26, 1994.
The essential facts are not disputed.
The subject property, known as Lot 1C, Block 76A, is located at 655 Christian Lane, Kensington, Connecticut. (Lease, attached to ACRI's complaint.) ACRI leases said property from Automated Salvage Transport, Inc. ("ASTI"). (ROR, Item E.)
On June 6, 1994, ACRI submitted an application for a modification of a site plan to the Commission. (ROR, Item F.) ACRI stated in its application that it was requesting an addition of a scale to the existing recycling facility. (Id.)
In the space on the application entitled "OWNER AUTHORIZATION," ACRI stated, "Applicant is authorized by lease — see attached". (Id.)
The lease, which is of a twenty year duration, provides:
 ALTERATIONS: Lessee may from time to time, at its own expense, alter, renovate, or improve the Demised Premises, provided that the work is performed in a good and workmanlike manner, in accordance with accepted building practices, and so as to not weaken or impair the structure or lessen the value of the Building. However, all alterations affecting the structural parts or exterior of the Building shall be submitted for Lessor's approval (which shall not be unreasonably withheld) before such work is started.
Lease, para. 6.
The lease further provides:
 PERMITS AND LICENSES AND COMPLIANCE WITH LAWS AND REGULATIONS: (a) Lessee must obtain any and all licenses and permits necessary to operate its business. Lessee shall have the full responsibility, at Lessee's expense, of obtaining and maintaining the necessary CT Page 12612 permits and licenses to operate a business consisting of an intermediate Processing Center for the recycling of cans, bottles, and paper. . . . Lessor will cooperate with Lessee by signing any documents required by the appropriate authority for Lessee to obtain any such permits or licenses, but without expense to Lessor.
Lease, para. 11.
The owner of the property, ASTI, sent a letter to the Commission stating that its opinion was that owner consent was required for the site plan modification. (ROR, Item E.) Additionally, Section 8.03 of the Berlin Zoning regulation lists several criteria for site plan modification, and grants the Commission the authority to adopt as additional requirements: "[a]ny other data or guidance that the Planning Commission may require." (ROR, Item N.)
At the June 14, 1994 meeting of the Planning Commission, the Town Planner, William Voelker, stated that there was no clear evidence of the property owner's approval of the proposal. (ROR, Item L.) The Commission voted unanimously to deny the application without prejudice due to the apparent lack of specific authority of the property owner. (Id.) On July 20, 1994, the Commission sent ACRI's president, Elizabeth H. Karter, a letter stating that ACRI's application had been denied without prejudice due to the apparent lack of authority from the owner of the property. (ROR, Item B.)
"Pleading and proof of aggrievement [are] prerequisite[s] to a trial court's jurisdiction over the subject matter of an appeal." (Citations omitted; internal quotation marks omitted.) DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373, 588 A.2d 244 (1991). "The question of aggrievement is essentially one of standing." Id. "The critical inquiry [governing aggrievement of nonowners] is whether the applicant is a real party in interest with respect to the subject property. Whether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property, are all relevant considerations in making that determination." Michel v.Planning Zoning Commission, 28 Conn. App. 314, 324-25,612 A.2d 778, cert. denied, 223 Conn. 923, 614 A.2d 824 (1992). As a CT Page 12613 lessee applying for permission to install a scale to improve its business, ACRI has established a sufficient interest in the subject parcel to satisfy a finding of aggrievement.
A party taking an appeal must do so by commencing service of process within fifteen days from the date that notice of the decision was published. General Statutes § 8-8(b). Notice was published on June 20, 1994, and ACRI served the assistant town clerk and commission chairman on July 1, 1994, so ACRI's appeal is timely.
In reviewing the findings of the planning commission, the court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Smith v. Zoning Board of Appeals, 227 Conn. 71, 80,629 A.2d 1089 (1993). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. DeBaradinis v. Zoning Commission, 228 Conn. 187, 198,635 A.2d 1220 (1994).
"Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court ha[s] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts." (Internal quotation marks omitted.) Sperov. Zoning Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590. "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary, or illegal." Id. The court reviews the record to "determine whether the commission or the board has acted fairly or with proper motives or upon valid reasons." Id.
"[Z]oning regulations and ordinances, being in derogation of common law, must be strictly construed and not extended by implication." Schwartz v. Planning Zoning Commission,208 Conn. 146, 153, 543 A.2d 1339 (1988). "These regulations must be interpreted in accordance with the ordinary rule of statutory construction that, where the language of the statute is clear and unambiguous, courts cannot by construction read into the statute provisions which are not clearly stated." Id. CT Page 12614
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . Under this traditional and long-lasting scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision."Caserta v. Zoning Board of Appeals, 226 Conn. 80, 86-87,626 A.2d 744 (1993).
DISCUSSION
ACRI alleges, in pertinent part, that "[t]he Commission's reason for denial of ACRI's application is improper and in violation of Chapters 124 and 126 of the Connecticut General Statutes in that there is no statutory requirement that an applicant be the "owner" of the fee of the property involved or have the owner's consent where the applicant is a lessee and the lease authorizes the lessee/applicant to make the modification being requested without the need for any further consent by the owner." (Complaint, para. 9.) The Commission concedes that a lessee has standing to make an application for land use approval in certain cases, but the Commission maintains that the space on its application for "OWNER AUTHORIZATION" demonstrates that it has adopted a requirement of owner consent as a precondition to site plan modification approval.
Although the Commission may adopt an owner consent requirement, cases considering such requirements deem such requirements to be something more than a line on an application. See Richards v. Planning Zoning Commission, 170 Conn. 318,321-22, 365 A.2d 1130 (1976) (holding that "[w]here zoning ordinances
have not specifically required owners to apply or to authorize the application, this court has sustained the issuance of permits to persons who were not owners but who did have substantial interest in the subject property.") (Emphasis added.) In other cases that have considered owner authorization requirements, these requirements have been expressly set out in the regulations. See, e.g., Chesson v. Zoning Commission, 157 Conn. 520,527, 254 A.2d 854 (1969); D.S. Associates v. Planning Zoning Commission, 27 Conn. App. 508, 511, 607 A.2d 455 (1992);Longstreth v. Southbury Inland Wetlands Agency, 2 CSCR 941, 942
(1987) (Flynn, J.) CT Page 12615
The facts of the present case are similar to those inLea Manor Health Care Center, Inc. v. Health Resources ofNorwalk Inc., 10 Conn. L. Rptr. 407, 408 (January 17, 1994) (Fuller, J.), in that while "the Application form of the Commission requires the applicant to identify the property owner, there is no provision in the Norwalk Zoning Regulations requiring consent of the property owner for a zoning application of any kind, including a special permit. There is also no provision that the record title owner sign the application."
In Lea Manor, as in the present case, the owner of the property objected to the lessee's application for a special permit. Id. The lease provided that "the lessee cannot make alterations of the real property improvements without the written consent of the lessor. It also provides that consent will not be unreasonably withheld. . . ." Id.
The court emphasized that the zoning regulations did not contain a provision requiring the owner's consent, and stated that, therefore, "cases where the owner's consent was required under the land use regulations are not controlling on the standing of the lessee to file the application or for the Commission to grant it." Id.
The court noted that the Supreme Court Richards
decision referenced Bowen v. Metropolitan Board of Zoning Appeals,317 N.E.2d 193, 198 (Ind.App. 1974), "where a lessee of commercial property was held to have standing to apply for a variance despite the objection of the lessor, and despite the fact that the application required the owner's signature." Id., 409.
The court upheld the Norwalk Commission's decision to grant the lessee's application for a special permit, even though the owner's consent was required by the lease, and even though the owner objected to the application. Id., 409-10.
Neither Section 8.00.01 or 8.03 of the Berlin Zoning Regulations have requirements similar to those that have been held to be owner consent requirements in the above cases. InD.S. Associates, supra, 27 Conn. App. 511, the court noted that "Section IIIB. of the Prospect Subdivisions regulations provided in relevant part" `Final Subdivision Application. 1. Application for approval of a plan of a subdivision shall be made by the owner(s) of record of the subject property or by an authorized CT Page 12616 agent, in writing on a form furnished by the Commission." InChesson v. Zoning Commission, supra, 157 Conn. 527, the court noted, "The requirement that, in the case of a petition by a proposed developer, the consent of the owner must appear `over his signature' is one of the conditions stated in the regulations for the establishment of a garden apartment zone. Bridgeport Regulations, c. 6 § 10 (1960)." In Longstreth, supra,2 CSCR 942, the court (Flynn, J.) noted that "Both the short form and long form application procedures require the owner's name and address to appear. See Section 6.1.3 Regulations; Section 6.1.4 Regulations." Additionally, the court in Longstreth
stated that it is "the Commission's duty to determine whether an applicant is either the owner or has sufficient status, be it as option holder, contract purchaser or some similar interest." Id.
Case law makes clear that the regulations must contain a provision requiring owner's consent in order for a Commission to require more than is normally required under the general rule that lessees have standing to apply for a permit. In light of the examples of owner's consent provisions, supra, it was unreasonable for the Commission in the present case to determine that the provision in Section 8.03 of the zoning regulations should be deemed an owner's consent requirement.
The application requested the applicant to provide owner "authorization."[1] The application and the zoning regulations do not require that the owner sign the application. ACRI provided proof of owner authorization by means of the lease attached to the application. This authorization is binding despite the owner's formal objection to the Commission.
"The purpose of the standing requirement is to prevent applications for land use approvals by persons who have no real interest in the subject property or who file an application for an improper motive." Lea Manor, supra, 10 Conn. L. Rptr. 409. That purpose is satisfied in this case where ACRI has a significant interest in the subject property, and whose motive is to obtain equipment necessary for its business.
The court agrees that "the Commissions's role was to decide whether or not the special permit complied with the zoning regulations, and that the commission should not resolve conflicting claims of rights to the subject property between the owner and the tenant." Id., 408. Yet, in the present case, that is exactly what the Commission tried to do when it CT Page 12617 considered the owner's objection to ACRI's application in its decision to deny ACRI's application. Neither case law, the Berlin regulations nor the application required something beyond the authorization provided by the lease.
It is evident from the record that the Commission's decision was based solely on the lack of owner's consent. (ROR, Item B.) In acting on a site plan modification application, the Commission "acts in its ministerial capacity, rather than in its quasi-judicial or legislative capacity." Allied Plywood, Inc.v. Planning Zoning Commission, 2 Conn. App. 506, 512,408 A.2d 584, cert. denied, 194 Conn. 808, 483 A.2d 612 (1994). "The board is under a mandate to apply the requirements of the regulations as written." Id. Because the Commission's decision was based solely on lack of owner's consent, ACRI is entitled to an affirmative remedy. See Thorne v. Planning Zoning Commission,198 Conn. 200, 206, 423 A.2d 861 (1978) (noting that when there is one conclusion which a zoning authority could reasonably reach, the court may direct the authority to do so).
Because the court finds that the Commission acted illegally and with an abuse of discretion in determining that owner's consent was required under its zoning regulations, and because the Commission agrees that in the absence of an owner consent requirement, a lessee with a significant interest in the subject property may apply for a site plan modification, the court reverses the decision of the Commission and orders the site plan approved.