[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiffs, Michael and June Porrino, appeal from a decision of the defendant, the Planning and Zoning Commission of the Town of Madison (the "Commission") denying the plaintiff's application for site plan approval.
The plaintiffs are the owners of a certain property in the Town of Madison located adjacent to the North Madison Shopping Center on Old Toll Road, and commonly known as "Extension to North Madison Shopping Center." Said property consists of approximately 4.05 acres and is located within an "RS" (Rural Shopping) district, as designated by the Zoning Regulations of the Town of Madison ("Regulations").
By application filed April 28, 1997, the plaintiffs sought approval of a site plan for said property. The plaintiffs proposed "the development of raw land for the purpose of retail sales, including but not limited to a retail store for the sale of motor vehicle fuel." (Return of Record, 9a). At its meeting of May 15, 1997, the Commission voted to require a public hearing on the application and the matter was continued until June 19, 1997, when. after a public hearing on the plaintiffs' application, the Commission voted to deny the application. This appeal followed. A hearing on the appeal was held on August 4, 1998, at which the plaintiffs were found aggrieved for the purpose of taking this appeal. CT Page 14754
The plaintiffs contend that the action of the Commission was unreasonable, illegal, arbitrary, capricious, and in abuse of its discretion in that: (a) the site plan met the requirements of the Madison Zoning Regulations; (b) the denial decision of the commission was contrary to and unsupported by the evidence in the Record before said commission; (c) the denial decision of the commission was made contrary to law; (d) the denial decision of the commission was based on erroneous interpretation of its regulations; (f) the exclusion of "fuel storage business" from the general paragraph authorizing "retail sales" in the RS zone as provided in Regulations, Section 6.5.1.2 is "void for vagueness" and/or otherwise unconstitutional; (g) said zoning regulations and/or the enforcement of said regulations under the circumstances of this case are illegal and/or unconstitutional.
In their brief the plaintiffs argue that the commission should have approved said application because: A. The retail sale of motor vehicle fuel is a permitted use in the RS zone; B. In the alternative, if the court interprets the subject regulation to exclude the retail sale of motor vehicle fuel, the regulation should not be enforced because it is unconstitutional on its face in that it has no substantial relation to public health, safety, morals, convenience or welfare; it is unconstitutional as applied to the facts of this case, especially in a retail and non-residential zone; it is unconstitutional under the "void for vagueness doctrine."
 II
As permitted by General Statutes, Section 8-3(g), the defendant commission derives its authority to review and approve site plans from Regulations, Section 6.6. A site plan review is conducted pursuant to the provisions of Regulations, Section 29.
In conducting a site plan review the commission acts in an administrative capacity and its mandate is basically to determine if a site plan application meets regulatory requirements.Kosinski v. Lawlor, 177 Conn. 420, 427.
While courts generally are to be deferential toward the decisions of local administrative boards, courts are not bound by a board's interpretation of a regulation or statute, Schwartz v.Planning and Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339
(1988). Whether or not the applicant's plan was a permitted use CT Page 14755 under the regulations is a question of law for the court to resolve, Robinson v. Unemployment Security Board of Review,181 Conn. 1, 6; 434 A.2d 293 (1980).
Whenever possible, in interpreting zoning regulations, the language of said regulations will be construed so that no clause is deemed superfluous, void or insignificant. The regulations must be interpreted so as to reconcile their provisions and make them operative so far as possible. When more than one construction is possible, we adopt the one that renders the enactment effective and workable and reject any that might lead to unreasonable and bizarre results, Planning and ZoningCommission v. Gilbert, 208 Conn. 696, 705-6 (citations omitted).
 III
In its review of the subject application the sole issue decided upon by the commission was whether the operation in the RS district of a convenience store selling automobile fuel from four gasoline pumps was a permitted use. The commission, after discussion, denied the said application and stated no reasons for the denial. A review of the record indicates that a majority of the commission members (Parisi, Dean, Keim, Weisner and Poutot) stated they believed the use was not permitted under the regulations, and the commission then voted 8-1 to deny the plaintiffs' application (Return of Record, Transcript of June 19, 1997 proceedings, pp. 106-112).
Under the scheme of the Madison zoning regulations, all uses not permitted are excluded, Regulations, Section 2.1 An RS district is a commercial district. Other categories of commercial districts include, CA, CB and S. A CB district is the least restrictive district, Regulations, Section 1.3. A CB district incorporates any uses permitted in a CA district, (Section 6.2.1). plus eight additional uses, (Sections 6.2.2 through 6.2.9), including Section 6.2.2. "Automobile service stations" as a permitted use. Uses not permitted are excluded. That being the case, an automobile service station is a use barred in an RS district.
The plaintiffs argue that a gasoline filling station is simply a store which sells gasoline at retail and thereby falls within the general definition (of retail store) of Regulations, Section 6.5.1.2 (The court construes the terms, as variously used by the parties and in the Regulations, "gasoline filling CT Page 14756 station", "motor vehicle fuel station" and "automobile service station" as interchangeable terms for the same type of business.)
The Town of Madison, in singling out automobile service stations as a permitted use in an CB district, has signaled that such a station is not "simply a store, like any other, but a type of business subject to more restriction than retail stores in general. This conclusion is buttressed by Regulations, Section 4.1.30.1, which, in a tightly delineated area, (Section 4.1.30), allows, as a special exception use, "the sale and dispensing of petroleum products. "The court concludes that a convenience store, engaged in the retail sale to motorists, of gasoline, dispensed from four gasoline pumps connected to underground fuel storage tanks is an "automobile service station" and is not a permitted use in an RS district. The court finds that the "retail store for the sale of motor vehicle fuel", as proposed by the plaintiffs is an automobile service station and as such is not a "retail store" as the term is used in Regulations, Section 6.5.1.2.
The plaintiffs cite Regulations, Section 5A.1.3.3 in support of their reasoning. Section 5A sets out the standards and uses in an Environmental Conservation Rural District (ECRD). Section 5a.1.3.3 is entitled "Village Center Commercial Uses." Section; 5A.1.3.3 permits "Retail shops and associated offices and storerooms (excluding automobile sales, repair or fuel storage or motor vehicle fuel station businesses); "The plaintiffs argue that since the regulation specifically excludes motor vehicle fuel station businesses, it must necessarily follow that the drafters of the regulation understood and intended that the definition of "retail" shops or stores would otherwise have included motor vehicle fuel station businesses. The plaintiffs ask the court to apply the same reasoning to Section 6.5.1.2. That is, that since the drafters of this section did not specifically exclude motor vehicle fuel stations, as in Section 5A1.3.3, the drafters intended that motor vehicle fuel stations would therefore be included in the definition of retail stores. This reasoning turns the Madison regulatory scheme on its head. The fact that Regulations, Section 6.5.1.2 specifically excludes "automobile sales" and "fuel storage businesses" from "retail stores" but is silent with regard to "motor vehicle fuel station businesses" does not require the conclusion that motor vehicle fuel station businesses are therefore permitted uses as "retail stores." The plaintiffs ask the court to assume that uses not specifically excluded are deemed permitted. This the court CT Page 14757 declines to do.
The plaintiffs claim the substantive question presented in this case is whether or not the exclusion of "fuel storage businesses" removes a "gasoline filling station" from the operation of the general rule of Section 8.5.1.2. If the answer is yes, plaintiffs contend the regulation is void for vagueness. The court concludes this question is irrelevant and there is no need to interpret the phrase "fuel storage business" to determine if the plaintiffs' proposed use is, or is not, included in that category. First, while one commissioner in discussion signified his belief that the plaintiffs' proposed use was excluded as encompassed in the "automobile sales and fuel storage business" exclusion, there is nothing in the record to permit the conclusion that this was the position of the commission majority in denying the plaintiffs' application. More importantly, as stated, supra, in the Madison regulations automobile service stations are businesses distinguished from retail stores and are a use not permitted in the RS district. The commission majority's vote was in accordance with the subject regulation, whatever might be each individual's interpretation of the said regulation.
Once the regulatory scheme is viewed as a whole and the regulations interpreted so as to reconcile their provisions and make them operative, the plaintiffs' claimed ambiguities in the regulations are reduced to minor inconsistencies at most. The court finds no meaningful distinction between the regulations' use of the terms "motor vehicle fuel station businesses" in Section 5A.1.3.3 and "automobile service stations" in Section 6.2.2 and finds the plaintiffs' proposed "retail store for the sale of motor vehicle fuel" fits comfortably within either category.
 IV
In their appeal, the plaintiffs ask this court, if it interprets the subject regulation (Section 6.5.1.2) to exclude the retail sale of motor vehicle fuel, to find the regulation illegal and unenforceable as violative of the plaintiffs' constitutional rights. "We ordinarily do not address constitutional issues unless it is necessary", Builders ServiceCorporation v. Planning Zoning Commission, 208 conn. 267, 306 . . . [T]his court does not ordinarily decide constitutional questions when there is an adequate common law or statutory basis available for its decision, Beacon Falls v. Posick, CT Page 1475817 Conn. App. 17, 49 (Borden, J., concurring) "The rule extant under our zoning cases is that a party who has sought to avail himself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality" (citations omitted), Bierman v. Planning Zoning Commission, 185 Conn. 135, 139. "The plaintiffs cannot seek the approval of the [zoning board of appeals] under a provision of the zoning regulations and at the same time attack the constitutionality of its power to act thereunder", Strain v.Zoning Board of Appeals, 137 Conn. 36, 38. "A party, however, could of course attack the constitutionality of the zoning regulations in an independent proceeding, (citations omitted),Bierman v. Planning Zoning Commission, supra at 140. ". . .[A]n action for a declaratory judgment is a particularly appropriate vehicle for litigating otherwise justiciable constitutional claims", Maloney v. Pac, 183 Conn. 313, 323. "The validity of the regulations is a question in which many property owners, in addition to the plaintiffs, may have an interest, and an opportunity for such persons to intervene should be afforded before any such determination should be made", Bombero v.Planning Zoning Commission, 218 Conn. 737, 742, quoting fromCioffoletti v. Planning Zoning Commission, 209 Conn. 544, 563.
In the instant case, the plaintiffs have sought to avail themselves of a zoning ordinance by making an application thereunder and now ask this court to find that their proposed use is permitted under the regulation, or, in the alternative, that the regulation is unconstitutional. The court, having found an adequate regulatory basis for its decision denying the plaintiffs' appeal, declines to reach, and dismisses, the plaintiffs' constitutional claims.
To reiterate: In Madison, uses not permitted are excluded. The only commercial district in which an automobile service station is a permitted use is a CB district, the least restrictive commercial district. The plaintiffs' proposed use is that of an automobile service station, a use not permitted in an RS district.
 V
The plaintiffs have failed to establish, by a fair preponderance of the evidence, that the defendant planning and zoning commission, in denying the plaintiffs' application for site plan approval, acted unreasonably, illegally arbitrarily, CT Page 14759 capriciously or in abuse of its discretion. The plaintiffs failed to establish that the site plan met the requirements of the Madison Zoning Regulations; nor that the said commission decision was contrary to and unsupported by the regulations; nor that the commission's decision was made contrary to law; nor that said decision was based upon an erroneous interpretation of the regulations; nor that said decision was inconsistent with the language and terminology of the zoning regulations; nor that the exclusion of "fuel storage businesses" from the general paragraph authorizing "retail" sales in the RS zone provided in Section 6.5.1.2 of said zoning regulations is "void for vagueness" nor that said zoning regulations and/or the enforcement of said regulations under the same circumstances of this case are illegal.
Accordingly, judgment may enter in favor of the defendant, the Planning and Zoning Commission of the Town of Madison, and the appeal of the plaintiffs, Michael and June Porrino, is dismissed.
By the Court
Downey, J.