[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Patricia Polk appeals the decision of the defendant New Milford Zoning Board of Appeals (board) granting a variance to the defendant Nutmeg Mortgage Company (Nutmeg). The board acted under the authority of General Statutes § 8-6, and the plaintiff appeals under General Statutes § 8-8. The court finds the issues in favor of the defendants.
Before reaching the merits of the appeal the court must address an issue of subject matter jurisdiction raised by the defendant Nutmeg.
This defendant moved to dismiss the appeal for failure to comply with General Statutes § 8-8 (e), thereby depriving this court of jurisdiction. The plaintiff failed to direct service upon the clerk of the town of New Milford. Notwithstanding this failure, the plaintiff's sheriff did serve the clerk.
General Statutes § 8-8 (e) provides,
 (e) Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.
For the reason stated in Ilvento v. Frattali, 210 Conn. 432,434 (1989). the court denies the motion.
 The legislature . . . clearly expressed an intention that appeals from the decisions of planning and zining commissions be heard and decided on their merits and not be invalifated for technical defects in service.
Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480, 487
(1988). Further, the court agrees with the reasoning of Judge Thompson in Sidor v. Guilford Planning Zoning Commission, Superior Court, judicial district of New Haven, docket no. 338774 (12/11/92) (8 Conn. L Rptr. 63). There, Judge Thompson allowed an CT Page 250 amendment to the citation which had also failed to include a direction to serve the town clerk. The clerk had been served as in this case. Judge Thompson reasoned, "[w]here the citation omits one who is to be served for the purpose of notice only and is not to be a necessary party, it would appear that subject matter jurisdiction should not be implicated." Sidor v. GuilfordPlanning Zoning, supra, 8 Conn. L. Rptr. 63. There is no evidence of prejudice to any party to the appeal, and the clerk was in fact served. An amended citation would be allowed. The motion to dismiss is denied.
The facts essential to the court's decision are undisputed and are fully reflected in the record. The defendant Nutmeg sought a variance for premises located at 352 Candlewood Lake Road North. The plaintiff owns property abutting the subject premises. She therefore falls within the definition of an aggrieved person under General Statutes § 8-8[1] and is found to be aggrieved. The variance requested by Nutmeg was a reduction of the front yard setback from fifty feet to twenty five feet and a reduction of lot area from 80,000 square feet to 28,096 square feet. The property would be used for a single family residential dwelling. The variance was sought to minimize the excavation and ledge removal and to provide for the areas of steepness and ledge. A public hearing was held on March 17, 1999, and at the business meeting held immediately thereafter the board voted to grant the variance as requested.
At the public hearing, no one spoke in opposition to the variance. The plaintiff makes no claim of insufficient notice. The board noted that no correspondence was received in opposition to the variance. Russell Posthauer, the defendant Nutmeg's engineer, appeared at the public hearing with a survey map and a sanitary system plan. Referring to those maps, Posthauer stated that the variance was sought to avoid putting a house right over the ledge and because the septic system could not be moved due to the topography and ledge. There was discussion among the board, Posthauer and the zoning enforcement officer, Loretta Brickley, regarding the extent and the need for the variance. Thereafter, at the business meeting, the board granted the variance "due to the steepness of the lot and ledge."
The plaintiff filed this appeal claiming that the granting of the variance was arbitrary because there was no credible evidence of hardship and there was no inquiry as to the effect of the variance upon abutting properties. These were the only issues CT Page 251 briefed by the plaintiff. See Collins v. Goldberg,28 Conn. App. 733, 738 (1992) (issues not briefed are deemed abandoned).
The scope of this court's review of the board's decision is limited. If there is substantial evidence in the record to support the board's action, the action must be sustained. SeeProperty Group, Inc. v. Planning Zoning Commission,226 Conn. 684, 497 (1993).
 Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . We, in turn, review the action of the trial court. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs.
(Internal quotation marks omitted.) Raczkowski v. ZoningCommission, 53 Conn. App. 636, 640, cert denied, 250 Conn. 921
(1999), quoting Bloom v. Zoning Board of Appeals, 233 Conn. 198,206 (1995).
Our Supreme Court has interpreted General Statutes § 8-6 "to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. "(Internal quotation marks omitted; internal citations omitted.)Bloom v. Zoning Board of Appeals, supra, 233 Conn. 207. See alsoFleet National Bank v. Zoning Board of Appeals,54 Conn. App. 135, 140, cert denied, 250 Conn. 930 (1999). Here, there was uncontradicted evidence that adherence to the setback and lot area requirements of the New Milford Zoning Regulations for the applicable zone (R-80) would cause a hardship because of the ledge and steepness. There is no claim by the plaintiff that this variance substantially affects New Milford's comprehensive zoning plan. The plaintiffs claim as to the effect on the surrounding properties is not supported by the record or the law.
The plaintiff has failed to meet her burden of proof to show that the board acted improperly. Accordingly, the appeal is CT Page 252 dismissed.
DiPentima, J.